UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD B. MILLER, *et al.*, | No. C-12-2282 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |
| WELLS FARGO BANK, *et al.*, | |
| Defendants. | **(Docket No. 88)** |

Plaintiffs Ronald Brooks Miller and Usoalii Nikotemo Miller have filed a foreclosure-related action against the following companies: Carrington Mortgage Services, Wells Fargo Bank NA, and Atlantic & Pacific Foreclosure Services ("A&P"). Plaintiffs have asserted the following claims in their third amended complaint ("TAC"): (1) wrongful foreclosure, (2) quiet title, (3) defamation, and (4) damages. Currently pending before the Court are two motions filed by Defendants: a motion to dismiss and a motion to strike. The Court construes both motions as motions to dismiss. *See Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899, 2012 U.S. Dist. LEXIS 117442, at *3-4 (N.D. Cal. Aug. 20, 2012) (noting "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f)"; adding that, "where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion").

///

///

///

Having considered the parties briefs and accompanying submissions, as well as the oral argument presented at the hearing, the Court hereby **GRANTS** in part and **DENIES** in part the motions to dismiss.[1]

The motions are granted to the extent the Court dismisses all claims to the extent they are brought by Mrs. Miller. As Defendants argue, Mrs. Miller is improperly named as a plaintiff because each claim pled in the complaint is predicated on her co-ownership of the real property at issue but the deed of trust reflects on its face that the borrower is solely "Ronald Miller, a married man as his sole and separate property." TAC, Ex. 3 (deed of trust). The note also reflects that only Mr. Miller was the borrower. *See* TAC, Ex. 3 (note).

The motions are also granted to the extent Defendants have moved for dismissal of Mr. Miller's "damages" claim. This claim is predicated on the allegation that "[D]efendants have an implied duty to harm no other person" and that "[D]efendants have willfully, and wantonly without justification financially damaged the plaintiffs in loss of wages caused by the necessity to defend the [P]laintiffs['] property from unfair seizure and sale without cause."[2] TAC ¶ 172. Defendants have moved to dismiss the "damages" claim on the ground that there is no legal basis for the claim – "[i]t is unknown what law supports [the] claim" that "'defendants have an implied duty to harm no other person.'" Docket No. 89 (Mot. at 2). In response, Mr. Miller argues that "the common law infers the duty between citizens to refrain from harming others. The statutes are only a means to refine the application of the basis common law derived over the centuries." Docket No. 95 (Opp'n at 6).

---

[1] After the Court held a hearing on Defendants' motions, Plaintiffs filed a motion asking the Court to "rehear the hearing . . . due to communications problems in the way the hearing proceeded." Docket No. 107 (Mot. at 1). Plaintiffs claim that Mr. Miller has difficulty hearing and "is 75 years old and a bit slow in comprehending." Docket No. 107 (Mot. at 1). Plaintiffs also seem to suggest that their pro se status made it difficult for Mr. Miller to represent himself. Plaintiffs' request is denied. At no point during the hearing did Mr. Miller raise any communications problems. Moreover, no such problems were ever raised by Mr. Miller during any of the other prior hearings conducted before the Court.

[2] In the TAC, Plaintiffs refer to California Code of Civil Procedure § 425.10, but this statute simply covers what the contents of a complaint or cross-complaint should be. *See* Cal. Code of Civ. Proc. § 425.10(a) (providing that "[a] complaint or cross-complaint shall contain both of the following: (1) A statement of the facts constituting the cause of action, in ordinary and concise language[;] [and] (2) A demand for judgment for the relief to which the pleader claims to be entitled").

2

United States District Court
For the Northern District of California

1  The Court shall dismiss the "damages" claim because, at the very least, Mr. Miller needs to
2  identify what the common law claim is. The dismissal shall be without prejudice, but the Court
3  advises Mr. Miller that, for whatever common law claim he may plead, he will have to plead a
4  plausible legal claim and a causal connection between Defendants' allegedly wrongful conduct and
5  the claimed damages.

6  The motions to dismiss, however, are denied with respect to Mr. Miller's wrongful
7  foreclosure and quiet title claims. As to these claims, Defendants argue for dismissal on the ground
8  that there was no improper assignment of the deed of trust.[3] This issue, however, was already
9  briefed by the parties in conjunction with Defendants' first motion to dismiss. Furthermore,
10 although Mr. Miller has now made different allegations with respect to Citibank and BAC – which
11 seem to foreclose the possibility that either company might have been assigned the deed of trust by
12 Fremont, *see* TAC ¶ 18 – that still does not resolve the chain-of-ownership issue. For example, to
13 the extent the alleged assignment actually took place in February 2010, that appears to have been a
14 time when Fremont was still in bankruptcy. Defendants fail to address Mr. Miller's contention that,
15 while in bankruptcy, Fremont could not have made any assignment without the approval of the
16 bankruptcy court.

17 At the hearing, defense counsel asserted for the first time that the assignment actually took
18 place some time in 2006, *i.e.*, prior to the bankruptcy, but Defendants have not provided any
19 evidence that the Court may judicially notice to substantiate this claim. Moreover, there is still some
20 question as to whether the assignment document was actually created in 2011 and backdated to
21 February 2010 and, if so, why the backdating was to 2010 instead of 2006.

22 Finally, with respect to Mr. Miller's defamation claim, Mr. Miller admits that he has failed to
23 specify what false information was allegedly being put forth by Defendants. In the opposition, Mr.
24 Miller states that he is willing

---

[3] Although Mr. Miller has claimed that various foreclosure documents are invalid, the critical document is the assignment document. For example, Mr. Miller claims that certain documents that involved a man by the name of "Zieve" are invalid, but the attempted foreclosure by Defendants was not based on those documents.

3

> to correct this oversight and to amend the claim to include the following statement in the next Amended Complaint[:] "Carrington Mortgage Servicing [acting for Wells Fargo] has falsely claimed to be a creditor apparently for the Plaintiffs['] mortgage, and has falsely reported 34 months of late payments, and a delinquency of 65,535 dollars to Transunion credit reporting agency which has been published and caused the Plaintiffs damage."

Docket No. 95 (Opp'n at 10). Accordingly, the Court shall dismiss Mr. Miller's defamation claim but shall give him leave to amend. Mr. Miller, however, must clarify whether his defamation claim is predicated on the alleged false assertion of ownership by Defendants (as he essentially confirmed at the hearing) or some other falsity independent of the ownership issue.

In sum, the Court rules as follows:

1. All claims asserted by Mrs. Miller are dismissed with prejudice.

2. The motions to dismiss Mr. Miller's wrongful foreclosure and quiet title claims are denied.

3. The motions to dismiss Mr. Miller's "damages" and defamation claims are granted, but without prejudice. Mr. Miller has thirty days from the date of this order to file an amended complaint to address the deficiencies in these claims as identified above.

In addition, the Court orders that a case management conference shall be held in this case on **March 14, 2013, at 10:30 a.m.** The parties shall file a *joint* case management conference by March 7, 2013. In addition, on March 7, 2013, Defendants are ordered to file a supplemental statement which shall constitute an offer of proof as to the chain of ownership of the deed of trust and note at issue. The offer shall establish the precise timing of any assignments and their relationship to the bankruptcy proceedings. Based on this offer, the Court will determine the course of this litigation – *e.g.*, whether an early motion for summary judgment is warranted.

///
///
///
///
///
///
///

4

The Court emphasizes that, in the offer of proof, Defendants must not solely rely on the recorded documents, such as the assignment of deed of trust, but provide information as to, *e.g.*, the alleged assignment of the deed of trust and note in 2006 (*i.e.*, prior to Fremont's bankruptcy). Defendants should also provide clarity as to the recorded assignment of the deed of trust – *e.g.*, was the assignment document actually created in 2011 and backdated to 2010?

This order disposes of Docket No. 88.

IT IS SO ORDERED.

Dated: February 6, 2013

_____
EDWARD M. CHEN
United States District Judge