United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD BROOKS MILLER, *et al.*,

Plaintiffs,

v.

CARRINGTON MORTGAGE SERVICES, *et al.*,

Defendants.
___________________________________/

No. C-12-2282 EMC

**ORDER RE RULE 56(d) REQUEST**

Currently pending before the Court is Plaintiff Ronald Miller's motion for summary judgment. The Court recently vacated the hearing on Mr. Miller's motion, which had been set for June 6, 2013.

In the motion, Mr. Miller asked to be granted summary judgment on his claim for wrongful foreclosure. At the Court has repeatedly emphasized in its prior orders, the critical document with respect to the claim for wrongful foreclosure is the assignment of deed of trust, which was recorded in the Alameda County Recorder's Office on June 1, 2011. The assignment document on its face states that MERS, acting as nominee for Fremont Investment & Loan, assigns the deed of trust to Wells Fargo Bank N.A., as trustee, for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates. The assignment document was signed by Tom Croft, on behalf of MERS. The date of the assignment was purportedly February 25, 2010, but the notarization date for the document is May 20, 2011.

United States District Court
For the Northern District of California

In turn, the critical argument that Mr. Miller has raised with respect to the assignment document is that, even if the assignment was actually made in 2010, that was while Fremont was in bankruptcy and there is no evidence the bankruptcy court approved the assignment.

Defendants have asserted that the assignment from Fremont to Wells Fargo actually took place prior to the Fremont bankruptcy. *See* Docket No. 119 (Defs.' Supp. St. at 4). In support of this position, Defendants have submitted two documents to the Court. The first is a Mortgage Loan Purchase Agreement, dated June 28, 2006 (*i.e.*, before the Fremont bankruptcy). The agreement states that Carrington Securities, LP will sell to Stanwich Asset Acceptance Company, L.L.C. certain mortgage loans purchased by Carrington Securities L.P. from Fremont Investment & Loan. The mortgage loans are identified in a Closing Schedule, but no Closing Schedule appears to have been given to the Court so that it may determine whether Mr. Miller's loan is one of the loans.

The second document is a draft Pooling and Service Agreement, dated June 1, 2006, involving Stanwich Asset Acceptance Company, L.L.C.; Fremont Investment & Loan; and Wells Fargo Bank, N.A. No final agreement was provided to the Court. In any event, that Agreement does not establish that ownership of the instant loan had been transferred to the trust.

According to Defendants, these documents give rise to a genuine dispute of material fact as to whether Mr. Miller's loan was sold by Fremont to (ultimately) Wells Fargo prior to the Fremont bankruptcy. It does not. There is nothing concrete to show that Mr. Miller's loan specifically was a part of the above transactions.

Defendants, however, have made a final argument that Mr. Miller's motion is premature and invoked the protection of Federal Rule of Civil Procedure 56(d). Rule 56(d) provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Defendants argue that they have not had the opportunity to conduct discovery to obtain the evidence needed to disprove Mr. Miller's claims. Defendants, however, have not identified with any specificity what discovery they need to take in order to appropriately litigate the wrongful foreclosure claim.

Accordingly, the Court hereby orders Defendants to provide a supplemental brief describing **with specificity** precisely what discovery they need to take vis-a-vis Mr. Miller's claim for wrongful foreclosure. Defendants must also explain why such discovery is needed since it would appear that documents (such as the final 2006 Pooling & Service Agreement and attached schedule) is presumably already in Defendants' possession.

The supplemental brief shall be filed within one week of the date of this order. Defendants are forewarned that a failure to describe with sufficient specificity what discovery is necessary may lead to a denial of their Rule 56(d) request and the justification therefor, in which case the Court will likely grant Mr. Miller's motion for summary judgment.

IT IS SO ORDERED.

Dated: June 11, 2013

EDWARD M. CHEN
United States District Judge