UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD BROOKS MILLER, *et al.*,

    Plaintiffs,

    v.

CARRINGTON MORTGAGE SERVICES, *et al.*,

    Defendants.
_____/

No. C-12-2282 EMC

**ORDER TO SHOW CAUSE**

    Previously, this Court issued an order in which it granted summary adjudication to Plaintiff Ronald Brooks Miller on his claim for wrongful foreclosure. More specifically, the Court held that there was "no genuine dispute that the loan at issue was transferred by Fremont while it was in [a Chapter 11] bankruptcy (as Mr. Miller contends) and not before (as Defendants contend)." Docket No. 172 (Order at 6). Subsequently, this Court asked the parties to consider whether, *e.g.*, bankruptcy proceedings might need to be reopened if the loan had been transferred during the bankruptcy without the bankruptcy court's approval.

    In examining this issue independently, the Court has learned that, under the bankruptcy law, a debtor under Chapter 11 cannot, as a general matter, be a bank. *See* 11 U.S.C. § 109(d) (providing that only, *e.g.*, "a person that may be a debtor under chapter 7 of this title . . . may be a debtor under chapter 11 of this title"); *id.* § 109(b)(2) (providing that "[a] person may be a debtor under chapter 7 of this title only if such person is not . . . [a] bank"); *see also Unisys Fin. Corp. v. Resolution Trust Corp.*, 979 F.2d 609, 611 (7th Cir. 1992) (noting that "[f]ederally insured banks, savings and loan

associations, credit unions, and similar financial institutions are not subject to bankruptcy law"; adding that there are "receivership provisions of federal banking law [that] create a parallel regime for those institutions"). Thus, to the extent Mr. Miller has asserted that Fremont was in Chapter 11 bankruptcy, he is not correct. Indeed, the only evidence that Mr. Miller has submitted indicates that the Chapter 11 debtor was not Fremont (*i.e.*, "Fremont Investment & Loan," the named lender on the deed of trust) but rather Fremont General Corporation ("FGC"), which appears to be a holding company. *See* Docket No. 62-1 (bankruptcy court order). If Fremont itself was not the debtor, and only FGC was, then it is not clear why Fremont would need to obtain permission of the bankruptcy court to do anything.

Moreover, even if Fremont was somehow subject to the authority of the bankruptcy court (e.g., because it was a wholly owned subsidiary of a wholly owned subsidiary of FGC), *see* Docket No. 62-1 (Bankruptcy Court Order at 1) (stating that FGC's "wholly owned subsidiary Fremont General Credit Corporation ('FGCC') was merged into the Reorganized Debtor, and then FGCC's wholly owned subsidiary Fremont Reorganizing Corporation, f/k/a Fremont Investment & Loan ('FRC') was merged into the Reorganized Debtor"), bankruptcy law provides that, as a general matter (1) "a debtor in possession shall have all the rights, . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under chapter 11," 11 U.S.C. § 1203; (2) a "trustee may operate the debtor's business," *id.* § 1108; and (3) "the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing." *Id.* § 363(c)(1) (emphasis added).

Given the above law, Mr. Miller's theory that Defendants do not have an ownership interest in the loan because it was transferred during bankruptcy proceedings now seems to be of questionable merit. In other words, even if Fremont assigned the deed of trust to Wells Fargo (as reflected in the assignment document) while FGC was in bankruptcy, (1) Fremont would not appear to have been barred from doing so because it was not the Chapter 11 debtor and (2) even if Fremont was subject to the authority of the bankruptcy court (based on its relationship with FGC), a debtor may still sell property in the ordinary course of business without a court hearing. Accordingly, the

Court hereby orders Mr. Miller (1) to show cause as to why his claims based on the above bankruptcy theory, or derivative of that theory, should not be dismissed with prejudice.

The Court further orders Mr. Miller (2) to clarify what is the factual basis for his claims for wrongful foreclosure and/or quiet title other than the bankruptcy theory above and (3) to show cause as to why those claims should not also be dismissed with prejudice.

Mr. Miller's response to this order to show cause shall be filed within two weeks from the date of this order.

Defendants shall file a reply to Mr. Miller's response within one week thereafter.

Pending the resolution of this order to show cause, the Court otherwise stays all proceedings in this case, including but not limited to briefing on motions already filed by Mr. Miller.

IT IS SO ORDERED.

Dated: August 13, 2013

_____
EDWARD M. CHEN
United States District Judge

3