UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD BROOKS MILLER, *et al.*,

    Plaintiffs,

    v.

CARRINGTON MORTGAGE SERVICES, *et al.*,

    Defendants.
_____/

No. C-12-2282 EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**(Docket No. 205)**

On September 19, 2013, the Court issued an order dismissing Plaintiff Ronald Brooks Miller's claims for relief and entered a final judgment. *See* Docket Nos. 203-04 (order and final judgment). Mr. Miller has now filed a motion for reconsideration which the Court construes as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

Under Rule 59(e), "[r]econsideration . . . is appropriate 'if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010). "To prevail on a Rule 59(e) motion because of newly discovered evidence, the movant must show the evidence (1) existed at the time of the trial or proceeding at which the ruling now protested was entered; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Duarte v. Bardales*, 526 F.3d 563, 573 (9th Cir. 2008).

The Court has evaluated Mr. Miller's motion and the accompanying submissions and finds no basis for reconsideration under the above standard.

For example, to the extent Mr. Miller argues that the Court committed clear error or made a manifestly unjust decision because the order-to-show-cause process deprived him of his right to due process, that argument is without merit. Mr. Miller has cited no authority to support his proposition that due process is violated where a dismissal is predicated on a court's *sua sponte* order to show cause rather than a motion filed by the defendant. The Court gave Mr. Miller notice of the order to show cause and an opportunity to respond. *See* Docket No. 195 (order). He was given an opportunity to be heard consistent with due process. That the Court ultimately did not hold a hearing is immaterial. Moreover, the Court did not need to conduct any evidentiary hearing as it applied, in effect, a Rule 12(b)(6) standard in evaluating Mr. Miller's claims for relief. *Cf. Paladin Assocs. v. Montana Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (concluding that party was given opportunity to be heard through its brief; "[g]iven that the issues were such that an evidentiary hearing would not have aided its decisionmaking process, the district court did not abuse its discretion in proceeding without an evidentiary hearing after briefing"). Finally, while Mr. Miller suggests that he should have been given the opportunity to file a reply to Defendants' order-to-show-cause brief, he never asked the Court for leave to file a reply after Defendants submitted their brief. And in any event, Defendants' brief did not substantively add to anything already identified by the Court in, *inter alia*, its order to show cause.

As another example, to the extent Mr. Miller argues clear error or manifest injustice because Tom Croft (the person who signed the critical assignment document) is not credible, that argument is largely predicated on a deposition taken of Mr. Croft in a different case. Here, Mr. Miller has failed to show that the deposition of Mr. Croft meets the criteria for newly discovered evidence as identified above. *See Duarte*, 526 F.3d at 573. That criteria has also not been met to the extent Mr. Miller now claims newly discovered evidence that "the Loan Trust . . . was defunct at the time that the Defendants allege to the transfer of [his] loan, having filed no yearly statements after 2007." Docket No. 208 (Br. at 6). Mr. Miller has not shown, for example, that he could not have discovered

the new evidence earlier (assuming that he is correct that the Loan Trust is defunct) through due diligence.

Mr. Miller's remaining arguments are insufficient to convince the Court that its analysis in its dismissal order was either clearly erroneous or manifestly unjust.

Accordingly, the Court hereby **DENIES** Mr. Miller's motion for reconsideration.

To the extent Mr. Miller has further moved for an award of costs and damages, that motion is also denied. Mr. Miller asserts he is entitled to costs and damages pursuant to 42 U.S.C. § 1983, but he never pled such a claim in his operative complaint. Mr. Miller further contends that he is entitled to at least costs under 28 U.S.C. § 1920, but such costs may be recovered by the prevailing party only. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (stating that expenses itemized in § 1920, known as taxable costs, "may be recovered by the prevailing party"); *see also* Fed. R. Civ. P. 54(d) (providing that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party"). Here, Mr. Miller is not the prevailing party, as a final judgment was entered against him. *See* 10-54 Moore's Fed. Prac. – Civ. § 54.101[3] (stating that "[t]he cases that have interpreted the 'prevailing party' language of Rule 54(d)(1) generally state simply that the prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case").

This order disposes of Docket Nos. 205 and 212.

IT IS SO ORDERED.

Dated: November 14, 2013

_____
EDWARD M. CHEN
United States District Judge